***********
Upon review of the record including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms the decision of the Deputy Commissioner, with some modifications, and enters the following Order.
 ***********
Plaintiff alleges that he was wrongfully convicted and unfairly sentenced in Guilford County Superior Court on September 12, 2007. Defendant filed a Motion to Dismiss and moved to dismiss Plaintiff's claim because, among other grounds, this is not a claim against a state agency. It is very difficult, if not impossible, to comprehend Plaintiff's Affidavit in this claim. However, at the motions hearing, Plaintiff stated that the basis of this claim was that he was wrongfully convicted in Guilford County Superior Court of two breaking-and-entering charges *Page 2 
on September 12, 2007 and that such convictions were then "tacked on" to another charge. As such, Plaintiff alleged, he was improperly sentenced based on three convictions rather than just one. Plaintiff further alleged that he has been victimized by a "conspiracy and cover-up" regarding the convictions and sentencing.
In I.C. File No. TA-20947, a claim which apparently involved identical facts as this claim but sought relief against the North Carolina Department of Correction and other defendants, Deputy Commissioner Holmes filed an Order on July 8, 2009 dismissing said claim with prejudice.
The Industrial Commission has jurisdiction under the Tort Claims Act to hear claims for negligence asserted against State agencies only. Plaintiff's claim is asserted against personnel who are not employees or agents of the State of North Carolina, but of Guilford County. Therefore, this claim must be DISMISSED. N.C. Gen. Stat. § 143-291(a). Further, a claim essentially identical to this one has already been dismissed with prejudice, and this claim should be dismissed under the doctrine of resjudicata.
 ***********
Based upon the foregoing, it is ORDERED that:
1. Plaintiff's claim in I.C. No. TA-21155 is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as Plaintiff was permitted to file this claim in forma pauperis.
This the ___ day of August, 2010.
 S/___________________ *Page 3 
BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1